# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:10-cv-00277-MR
## [Criminal Case No. 1:05-cr-00248-MR-DLH-1]

| | |
|---|---|
| DANNY JOE BROOKS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on consideration of the Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]; Respondent's Motion to Dismiss the § 2255 petition [Doc. 6]; and Petitioner's Motions to Supplement [Docs. 15, 16]. For the reasons that follow, Petitioner's motions to supplement will be granted; Respondent's motion to dismiss will be granted; and Petitioner's motion to vacate will be denied and dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2005, Petitioner and others were indicted by the grand jury in this District on counts related to the production and distribution of controlled substances. Count 1 charged that from on or about December

2004, until on or about June 1, 2005, Petitioner and co-defendant Robert Cody possessed pseudoephedrine, a listed chemical as defined in 21 U.S.C. § 802, with the intention of manufacturing methamphetamine. The offense was alleged to have involved over 100 grams of pseudoephedrine, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(c). In Count 2, the indictment alleged that from on or about December 2004 until March 2005, Petitioner and others conspired to attempt to manufacture and manufactured with intent to distribute at least 50 grams of methamphetamine, all in violation of 21 U.S.C. §§ 846 and 841. [Criminal Case No. 1:05-cr-00248, Doc. 1: Indictment].

On December 14, 2005, Petitioner, through counsel, filed a motion to suppress certain evidence, including drug paraphernalia and materials related to the production and distribution of methamphetamine, seized by state authorities during their investigation of Petitioner. [Id., Doc. 52: Motion to Suppress]. On February 8, 2006, Petitioner's motion to suppress came on for hearing before U.S. Magistrate Judge Dennis L. Howell. The testimony presented by the Government at that hearing focused on a search of a residence located at 92 Arrowwood Way, the resident of Jerry Henson, the father of Petitioner's co-defendant Michelle Henson. Jerry Henson testified that he found a cooler upstairs in his house. Suspecting

that the cooler may have been rigged for the production of methamphetamine, Mr. Henson contacted the Sheriff's Office to report his observation and express his concern for his safety and the safety of his home. Deputies met with Mr. Henson at the home and after examining the cooler surmised that it was, in fact, actively employed in the production of methamphetamine. The deputies found Petitioner and Ms. Henson in an upstairs bedroom. The home was then evacuated for everyone's safety. [Id., Doc. 103: Memorandum and Recommendation at 2-4].

Petitioner and Ms. Henson were placed in handcuffs and seated in separate patrol cars. After the deputies secured the scene they applied for and were issued a search warrant and an order preventing the destruction of evidence by a state superior court judge. Evidence was seized from the Henson residence and apparently relied upon by the Government in an effort to secure the two-count indictment.

In his motion to suppress, Petitioner contended that he had a reasonable expectation of privacy in the upstairs of the Henson home even though he never expressed this to law enforcement at the time they conducted the initial investigation that led to the discovery of the active production of methamphetamine. Mr. Henson did testify that he had an

oral rental agreement with Michelle, but that he had no such agreement with Petitioner.

The Magistrate Judge ultimately concluded that Petitioner lacked standing to challenge the search of Mr. Henson's home because there was no indication that he presently lived there, other than his presence in an upstairs bedroom on a Saturday, or that he had any reasonable expectation of privacy in the residence. The Magistrate Judge further found that even if Petitioner had standing to contest the search, Mr. Henson's consent to search the residence was valid, as the evidence provided no indication that the upstairs was reserved as an exclusive apartment or residence for Petitioner. The Magistrate Judge therefore recommended denying his motion to suppress any evidence obtained from the search. [Id. at 6]. Petitioner objected to the Magistrate Judge's recommendation, but the Court accepted it and denied the motion to suppress. [Id., Doc. 118: Order].

Following the denial of his motion to suppress, Petitioner entered into a written plea agreement with the Government and agreed to plead guilty to Count 2 in exchange for the dismissal of Count 1 while also preserving his right to appeal the denial of his motion to suppress. [Id., Doc. 108: Plea Agreement ¶ 19]. Interestingly, however, Petitioner entered into this plea

4

agreement and pleaded guilty *before* the Court ruled on the Motion to Suppress, apparently anticipating that the Court would accept the Magistrate Judge's recommendation.

On February 27, 2006, Petitioner appeared with counsel for his Plea and Rule 11 hearing. At the hearing, the Government summarized the various provisions of the written plea agreement, including provisions waiving Petitioner's ability to appeal his criminal judgment or contest it through a collateral proceeding. In particular, the agreement provided as follows:

> Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel and/or (2) prosecutorial misconduct, and (3) the court's ruling as to his suppression motion.

[Id., Doc. 108: Plea Agreement ¶ 19].

Petitioner confirmed to the Magistrate Judge that his plea was voluntary and not the result of any coercion, threats, or promises in any way; that he had met with his defense attorney and had an opportunity to discuss any possible defenses to the charges; that he believed he understood how the sentencing guidelines might apply to him; and that he was entirely satisfied with the services of his attorney.

5

The Court's questions, along with Petitioner's answers to them, were recorded and presented to Petitioner in writing to review. Petitioner reviewed the document in open court and signed it. Thereafter, the Magistrate Judge accepted Petitioner's guilty plea after finding that it was both knowing and voluntary. [Id., Doc. 111: Acceptance and Entry of Guilty Plea].

After the probation officer prepared Petitioner's presentence report (PSR), the Government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and for a variance pursuant to 18 U.S.C. § 3553(a) contending that Petitioner had provided substantial assistance with its investigation and prosecution of other individuals. [Id., Doc. 141]. On May 2, 2007, the Petitioner appeared for his sentencing hearing before the Honorable Lacy H. Thornburg. The Court dismissed Count 1 of his Indictment, granted the Government's motion for departure, and sentenced Petitioner to a term of 220 months' imprisonment to be followed by five years of supervised release. Judgment was entered on May 11, 2007, and Petitioner is presently serving this sentence.[1]

On April 24, 2008, Petitioner filed a § 2255 motion to vacate, arguing that his trial counsel failed to file a notice of direct appeal even after being

---

[1] This habeas proceeding and Petitioner's criminal case were assigned to the undersigned following Judge Thornburg's retirement.

specifically instructed to do so. The Court granted the § 2255 motion after finding that failure to file a direct appeal in this circumstance constitutes ineffective assistance of counsel. Petitioner's criminal judgment was vacated and an amended judgment was entered which contained the same provisions from the original judgment. Petitioner thereafter filed a direct appeal to the United States Court of Appeals for the Fourth Circuit in an effort to challenge his sentence. [Civil Case No. 1:08-cv-00190-LHT; Doc. 2: Memorandum and Order].

The Government moved to dismiss the appeal citing Petitioner's explicit appellate waiver in his plea agreement. The Court granted the motion after finding that Petitioner had knowingly and voluntarily waived his right to appeal his sentence and that his appeal fell squarely within the scope of the waiver. United States v. Brooks, No. 08-4547 (4th Cir. July 13, 2009) (unpublished).

The present § 2255 motion follows this dismissal. In this collateral proceeding, Petitioner argues claims of ineffective assistance of counsel at both the trial and appellate level. [Doc. 2: § 2255 Memorandum]. Specifically, Petitioner contends that his guilty plea was not knowingly and voluntarily entered when his trial counsel "misled" him regarding the possible maximum statutory penalties. Petitioner further argues that his

7

trial counsel was not properly prepared to represent him at the suppression hearing before Judge Howell, and that he was denied the right to effective assistance of counsel after trial counsel failed to file a direct appeal when instructed to do so.[2] The Government has filed a motion to dismiss to which Petitioner has filed a response. Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[2] The claim regarding failure to file a direct appeal has been disposed of by Judge Thornburg's Order granting Petitioner's initial § 2255 motion and therefore will not be addressed any further herein.

## III. DISCUSSION

### A. Ineffective Assistance of Counsel Claims

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Petitioner first argues that his trial counsel was ineffective under the Sixth Amendment in failing to challenge the classification of methamphetamine by the Attorney General of the United States. [Doc. 2 at 6]. Specifically, Petitioner argues that counsel was ineffective in failing to challenge the Attorney General's *authority* to reclassify methamphetamine as a Schedule II substance even though such authority was granted by Congress. Challenges of this nature have been flatly rejected by the many

courts to consider this issue. See, e.g., United States v. Roark, 924 F.2d 1426, 1428-29 (8th Cir. 1991) (discussing express statutory authority of the Attorney General, or his designee, to add substances to 21 U.S.C. § 812, that is, to transfer substances between Schedules); United States v. Burnes, 816 F.2d 1354, 1359-60 (9th Cir. 1987) (rejecting argument regarding improper transfer of methamphetamine from Schedule III to Schedule II); United States v. Benenhaley, 95 F. App'x 501, 504 (4th Cir. 2004) (rejecting challenge to Attorney General's authority under 21 U.S.C. § 811 to transfer a drug from one schedule to another). See also 21 C.F.R. § 1308.12(d)(2) (1999) (providing that "methamphetamine, its salts, isomers and salts of isomers" are Schedule II controlled substances). For the foregoing reasons, because trial counsel's argument in challenging the schedules would have been meritless, Petitioner has failed to demonstrate that he could be entitled to relief under either prong of Strickland.

Petitioner further argues that his counsel was deficient by misleading him regarding the possible maximum penalties upon conviction. Petitioner appears to contend that he believed he was only facing a maximum of five years in prison prior to his entry of a guilty plea. As a consequence, as he argues, his plea was not knowingly and voluntarily entered. [Doc. 2 at 11-12]. The Government argues that Petitioner is procedurally barred from

raising this claim in a collateral proceeding because he failed to raise the claim on direct appeal.

A petitioner may be procedurally barred from presenting a claim in a collateral proceeding if he does not raise it on direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal citations and quotation marks omitted). Petitioner did not raise this claim on direct review, rather according to the Fourth Circuit's *per curiam* opinion Petitioner only raised a challenge regarding his sentence. As noted, the Fourth Circuit found that Petitioner knowingly and voluntarily waived his ability to challenge his sentence on direct appeal, as memorialized in his plea agreement. His direct appeal was therefore dismissed.

The Petitioner is procedurally barred from presenting this claim because he could have raised it on direct appeal. In addition, the record does not support Petitioner's claim. At his Rule 11 hearing Petitioner was informed, in no uncertain terms, that he faced a minimum of ten years' imprisonment upon conviction on Count 2 and a *maximum of life imprisonment*. Therefore, the Petitioner cannot now argue that he was prejudiced by any misinformation from counsel regarding his maximum

sentence. He acknowledged to the Magistrate Judge that he understood the correct possible maximum penalties that he faced upon conviction. See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (*en banc*) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier [allegedly] erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant."). For these reasons, this ground for relief will be denied.

Petitioner argues that his trial counsel provided deficient representation under Strickland in the hearing on his motion to suppress. [1:10-cv-00277, Doc. 2 at 13]. The Court has reviewed the evidence contained in the presentence report, the transcript of the suppression hearing, the motion to suppress, the Memorandum and Recommendation filed by Judge Howell, and Judge Thornburg's Order, and finds that Petitioner's argument is without merit. As noted by Judge Howell, the evidence simply did not establish that Petitioner had a constitutionally protected privacy interest in a search of another's man's home. There was no credible evidence to demonstrate that Petitioner was renting the place from Mr. Henson or that Mr. Henson's express consent to search the

upstairs for evidence of methamphetamine production was otherwise not valid to allow deputies to enter the home and conduct the search.

Further, the transcript demonstrates that trial counsel provided a vigorous effort to suppress the evidence in question. Counsel's ultimate failure to convince the presiding judge that suppression was warranted cannot serve to present any actionable claim under Strickland in this collateral proceeding. This argument will be overruled.

Petitioner also argues that his appellate counsel was deficient in failing to challenge the denial of the motion to suppress. [Doc. 2 at 16-17]. While it is true that Petitioner reserved the right to challenge the Court's denial of his suppression motion in his plea agreement, there is no reasonable likelihood that such an appeal would have been successful in light of the strong evidence presented against Petitioner, and the fact that the Fourth Amendment jurisprudence simply did not support his argument.

It is axiomatic that appellate counsel is afforded a wide berth in deciding which issues to present on appeal. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Gonzalez v. United States, 553 U.S. 242, 248 n.9 (2008) ("Thus, decisions by counsel are generally given effect as to what arguments to pursue . . ."); Fisher v. Lee, 215 F.3d 438, 457 (4th Cir. 2000). The Court finds that Petitioner has failed to carry his burden of

showing he is entitled to any relief on this claim and it will therefore be denied.

B.  **Motions to Supplement the Record**

After the Government filed its motion to dismiss, Petitioner filed two motions to supplement the record. In these motions, Petitioner contends that a prior North Carolina conviction for assault on a female, although valid at the time he was sentenced, was vacated by the state court in 2012. Petitioner now argues that he should be entitled to sentencing relief because the assault on a female charged earned him one criminal history point and moved him from a Category IV criminal history to a Category V. [Docs. 15, 16].

Petitioner argues that his trial counsel was ineffective in failing to properly challenge the use of the assault on a female conviction.  Petitioner maintains that he informed his trial counsel prior to sentencing that the assault on a female conviction was invalid but he never took any action. Petitioner maintains that (1) he was not guilty of the offense; (2) and that the complainant, Clara Jo Caldwell, would admit to falsifying the charge if approached by trial counsel.  [Doc. 16 at 2].  Petitioner does not argue, however, that the conviction was not in effect at the time of his sentencing hearing.  Likewise, he does not assert that the Court improperly relied upon

the conviction in assessing a criminal history point. [See Criminal Case No. 1:05-cr-00248, Doc. 196: PSR ¶ 56].

Petitioner concedes that the complaining victim lied before a state court and may have presented false testimony leading to his conviction during the state court trial. Petitioner does not, however, present any factual basis on which there would be a reasonable likelihood that the state court conviction would have been overturned so as to decrease his Criminal History Category. Thus, counsel's actions in *this* case were not ineffective under Strickland.

Moreover, in his plea agreement, Petitioner agreed that he would be foreclosed from raising any challenges to his conviction or sentence except for claims of ineffective assistance of counsel, and in the present case, neither of those exceptions apply to the substance of Petitioner's argument: that his Criminal History Category was improperly calculated. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). And as the Fourth Circuit has already explained, Petitioner's decision to waive his right to contest his sentence was both knowingly and voluntarily entered. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (In a

Section 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" and decided on direct appeal). Therefore, this Court is bound by the Fourth Circuit's determination and the waiver of his right to contest his sentence will be enforced in this collateral proceeding.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion, as supplemented, is without merit and it will be denied and dismissed.

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss [Doc. 6] is **GRANTED**;

2. Petitioner's Motions to Supplement the Record [Docs. 15, 16] are **ALLOWED**; and

3. Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. 1], as supplemented, is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 27, 2014

Martin Reidinger
United States District Judge